## BERGLAN v. KUHLMAN.

No. 27602. March 1, 1938.

Ben F. Williams, Homer Cowan, and T. R. Benedum, for plaintiff in error.

John E. Luttrell, for defendant in error.

RILEY, J. This is an appeal from a judgment rendered on the pleadings in an action commenced by plaintiff in error against defendant in error.

The principal question involved is whether the judgment so rendered violates the established rule that a motion for judgment for defendant on the pleadings will not be sustained, where on the pleadings as a whole facts are stated which show that plaintiff is entitled to some legal or equitable relief. In the consideration of such a case the facts so stated are assumed to be true. This requires examination of all the pleadings.

This action grows out of a former action between the same parties wherein Kuhlman and the board of county commissioners of Cleveland county were plaintiffs and Berglan, plaintiff in this action, was defendant, wherein an injunction was sought against Berglan, and in which a restraining order, or temporary injunction, was issued.

Defendant, J. H. Kuhlman, Jr., owned a farm consisting of 320 acres in Cleveland county lying on the west side of the section line, and plaintiff, Berglan, owned a farm consisting of 160 acres lying on the east side of said section line, and east of the north half of defendant Kuhlman's farm.

The farms of both Kuhlman and Berglan are for the greater part bottom land to the north of Little river. But both farms extend on the north into the hill land. On each side of the road running north and south on the section line between the two farms there was and had been for a long time a ditch or drain to carry the water south to a small creek and thence into Little river. Berglan maintained a levee or

embankment on the west side of his farm for the purpose of confining the water to the ditch or dam between the embankment and the graded part of the road and to prevent the water from flowing eastward or southeastward across his bottom land. Berglan was about to repair this levee when Kuhlman and the board of county commissioners of Cleveland county brought an action for an injunction to enjoin him from so doing.

A temporary restraining order, dated April 16, 1932, was issued, which in part provided:

"It is ordered that the defendant, George S. Berglan, be and he is hereby restrained from proceeding with the digging of said ditch or the raising of said levee until Monday, the 2nd day of May, 1932, which date is set for the hearing for a temporary injunction, or until further order of the district court."

This order was apparently treated as a temporary injunction. Defendant in that case filed his answer, to which reply was made.

The cause came on for trial about April 20, 1933. After the evidence was in, the trial judge made personal inspection of the premises, and later entered judgment, a copy of which is attached to and made a part of the petition of plaintiff herein. Said judgment in part reads:

"* * * And the court finds that the allegations of the petition and the allegations of the defendant's answer are insufficient to cover all the material facts shown by the evidence, and the court, at the request of the parties having viewed the premises, permitted amendments to be made to the pleadings by interlineation to conform to the proof, and the court finds the issues in favor of the defendant and against the plaintiff, and that the injunction prayed for should be denied; but that there is a small cut through a hill on the defendant's farm which diverts the water out of its natural course (and which should) and which should not be permitted, and upon the closing of said cut in said hill said injunction prayed for should be denied.

"It is therefore ordered and adjudged by the court that the injunction prayed for in the plaintiff's petition be, and the same is hereby denied, but that the defendant shall not maintain a cut or ditch through the hill that runs southeastwardly and northwesterly across the defendant's farm in any manner to change the natural course of said water and cause it to flow toward or upon plaintiff's land from the northeast side of said hill.

"The plaintiff's petition is ordered amended to allege that there is a cut through said hill.

"The defendant's answer is ordered amended to allege that there is a ditch constructed by plaintiff, J. H. Kuhlman, Jr., across his farm from the west to the east, which diverts the natural flow of the water from its southwestward course, into Little river to an eastern course into Republican creek."

The amendment as to the petition of plaintiff in that cause was not filed, but later, after this action was commenced, an order was made permitting same to be filed. From the judgment entered in that case, Kuhlman appealed to this court. This appeal was later dismissed and the judgment became final.

Thereafter Berglan commenced this action against Kuhlman and the board of county commissioners of Cleveland county to recover damages resulting from the alleged wrongful restraining order or injunction. Later the case was dismissed as to the board of county commissioners.

The petition of plaintiff sets out at great length the location of the premises, the alleged acts and conduct of defendant Kuhlman in permitting a small creek running across Kuhlman's land to become filled up and permitting willows, etc., to grow in said creek so as to restrict the flow of water and thereby divert flood waters from said stream to flow over and across plaintiff's land, and other matters, apparently in aid of his claim that the so-called injunction was wrongfully obtained. He attaches a copy of Kuhlman's petition in the injunction case, Berglan's answer and Kuhlman's reply, the journal entry of judgment in the former action, pleads at length the alleged effect of water overflowing his land during the time said so-called injunction was in effect, claims the destruction of 65 acres of his land of the value of $100 per acre, $250 attorney's fees, and $150 expenses incurred in defending the suit for injunction, and prays for $6,900 damages.

Kuhlman filed his answer. Therein he sets up denial that the relief sought by him in the former action was denied in toto, and asserts that final determination in that cause was partly in his favor, and specifically alleges that the injunction prayed for by him in the former action was denied conditionally, in that by said judgment Berglan was required to close a cut or ditch through a hill on his, Berglan's, farm. Berglan replied, among other things, alleging:

"Further replying, plaintiff says that the

relief granted by the court in said cause No. 10707 was entirely outside of the pleadings, and said Kuhlman, Jr., did not seek said relief in his petition and he did not restrain plaintiff in said cause from maintaining the cut which the court required plaintiff to close in consideration of the defendant closing certain ditches on his farm; and same, therefore, constituted no probable cause for bringing and maintaining said action; in fact, plaintiff had offered to close said cut before, and the said Kuhlman had told him that he had no objection thereto."

Thereafter Kuhlman, defendant herein, filed his motion for judgment in his favor upon the pleadings. This motion was sustained and judgment was rendered accordingly.

The principal question involved in this appeal is whether the relief granted by the court to Kuhlman in the injunction suit wherein Berglan was required to close the cut or ditch referred to, on his land, was such as to relieve Kuhlman from the charge of wrongful and malicious procurement of the restraining order or temporary injunction.

The same judge who heard the injunction proceedings and entered the judgment heard this case. He knew and understood the issues in the former case and knew all the real issues which were before the court in the former case. The reason is that it appears that evidence was taken concerning the cut or ditch above referred to. Whether this was done with or without objection we cannot say, for the record in that case is not before us. The journal entry of judgment in the trial court in this case goes far to settle the question in controversy. The trial judge's statement of findings is enlightening. It is:

"The court, after hearing the argument of counsel, and being well and fully advised in the premises, finds that the plaintiffs, the board of county commissioners of Cleveland county, Oklahoma, and J. H. Kuhlman, Jr., in cause 10707, in this court, wherein George S. Berglan was defendant, have not filed their formal amendment to their petition in said cause, as directed by the judgment of the court in said cause rendered herein on April 17, 1933, and the said board of county commissioners of Cleveland county, Oklahoma, and J. H. Kuhlman, Jr., plaintiffs in said cause No. 10707, should be and hereby are permitted to file such formal amendment as of this date.

"The court further finds that by the judgment rendered in said cause 10707, wherein the board of county commissioners of Cleveland county, Oklahoma, and J. H. Kuhlman, Jr., were granted substantial relief, by reason of the fact that by the said judgment the said George S. Berglan was prohibited from maintaining a cut or ditch through the hill that runs southeasterly and northwesterly across his farm, in such a manner as to change the natural course of the water, and cause it to flow toward or upon the land of said J. H. Kuhlman, Jr., and the county highway between sections two (2) and three (3) from the northeast side of the hill or elevation of land upon the lands of said George S. Berglan, in the northwest quarter (N. W. ¼) of section two (2) township nine (9) north, range two (2) west of the I. M., Cleveland county, Oklahoma, and that the said judgment has become and is a final judgment, and that by the said judgment of said court, a copy of which said journal entry of judgment is attached to plaintiff's petition herein, as exhibit thereto, the said plaintiffs in said cause obtained a substantial portion of the relief sought in said action. The court is of the opinion, by reason of the premises, that the said cause No. 10707 was not terminated entirely in favor of plaintiff, George S. Berglan, so as to entitle the said George S. Berglan, as plaintiff herein, to maintain an action against the defendants herein for malicious prosecution, and that the said judgment shows on its face that there was probable cause for the bringing of said action No. 10707, by the board of county commissioners of Cleveland county, Oklahoma, and J. H. Kuhlman, Jr., plaintiffs therein."

That the issue relating to the cut or ditch maintained by Berglan on his land was before the court in the trial of the injunction proceeding clearly appears from that part of the record before us in this case. Both parties now agree that evidence was taken in said trial concerning that particular matter before the trial judge viewed the premises. The journal entry of judgment entered in that case clearly indicates that such evidence was introduced. The matter was not specifically mentioned in the original petition for injunction. The existence of such cut or drain was stated in the answer of defendant in the injunction case. Some evidence was produced by both parties concerning same, and the trial court, after having heard such evidence, viewed the premises and then directed that the pleadings be amended so as to cover that issue. That the petition was not formally amended at the time is of little consequence. The issue was apparently brought into the case by introduction of evidence. This was without objection from either party so far as the record in this case discloses. If no objection was made, the trial court would have been justified in treating the pleadings as amended without any formal order requiring such amendment.

The only other matter that may possibly

be said to raise an issue of fact is the mere allegation in the reply that: "In fact plaintiff had offered to close the said cut before, and the said Kuhlman had told him that he had no objection thereto."

There is nothing in the record showing such an offer while the injunction proceeding was pending. As stated before, the trial judge had before him all the facts in the former case and knew what had taken place in said proceedings and to what extent the parties contested the right of Berglan to maintain said ditch. Evidently Berglan must have, to some extent, sought to justify his action in keeping and maintaining said ditch or cut, otherwise the court would not have entered the order directing and requiring him to keep it closed.

From the record as a whole, we conclude that there was no error in rendering judgment upon the pleadings.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, GIBSON, HURST, and DAVISON, JJ., concur. PHELPS, J., dissents. WELCH, J., absent.